**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN DAVID VARGAS CRUZ,

Petitioner,

v.

Case No. 1:26-cv-03309-MIS-GJF

WARDEN, Torrance County Detention Facility; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, Field Office Director of the ICE El Paso Field Office of Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Juan David Vargas Cruz's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 2, 2026. The federal Respondents filed a Response on October 21, 2026 ("Response").[1] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner is a citizen of Colombia who legally entered the United States on a B-2 visitor visa on December 18, 2021, when he was eighteen years old. Pet. ¶¶ 7-8; I-94 Record, ECF No.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

at 14. His period of authorized admission expired on June 17, 2022, but Petitioner remained in the U.S. Pet. ¶ 8; I-94 Record.

While he was a minor, Petitioner was included as a derivative beneficiary on his father's Form I-589 application for asylum. Pet. ¶ 10; Form I-589, ECF No. 1 at 31-32. According to the Executive Office of Immigration Review's website, Petitioner's immigrations proceedings remain pending. ECF No. 1 at 16-17.

Since his entry, Petitioner has lived peaceably in the United States and developed substantial family, employment, and community ties. Pet. ¶¶ 9, 14; Letters of Support, ECF No. 1 at 47-64. He appears to have no criminal record. Pet. ¶ 13; Fla. Dep't of Law Enforcement Crim. History Results, ECF No. 1 at 23.

Nevertheless, on August 28, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers pulled Petitioner over while he was driving and took him into custody. Pet. ¶ 11; Form I-213, ECF No. 7-1. He has been in immigration detention ever since, and is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Pet. ¶ 2.

On September 22, 2026, Petitioner received a custody redetermination hearing. Id. ¶ 15. An Immigration Judge denied Petitioner bond on the following grounds: "flight risk, visa overstay demonstrating a lack of regard for the laws of the United States, speculative form of relief." Order of the Immigr. Judge at 1, ECF No. 7-2.

On October 2, 2026, Petitioner filed the instant Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 arguing that his continued detention violates his Fifth Amendment procedural due process rights (Claim One) and substantive due process rights (Claim Two), and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a) (Claim Three). Pet. ¶¶ 32-45.

On October 6, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing that Respondents' answer "MUST specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin 180 F.4th 1226 (10th Cir. 2026) requires relief. If the Government opposes the motion on the grounds that Petitioner has been given a bond hearing, it must provide information sufficient to establish that the proceeding was constitutionally adequate." ECF No. 5.

On October 21, 2026, Respondents filed their Response.[2] ECF No. 7.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

---

[2] It must be noted that the Response falsely states that Petitioner "entered the United States on an unknown date without entry or inspection." ECF No. 7 at 1 (citing Form I-213, ECF No. 7-1). The Form I-213 to which Respondents cite explicitly states that Petitioner entered the United States at Miami, Florida on December 18, 2021, on a B-2 visitor visa for pleasure—which is to say, he entered legally with inspection. Additionally, the I-94 record of Petitioner's admission, attached as Exhibit B to the Petition, indicates that Petitioner legally entered the United States on December 18, 2021, on a B-2 visitor visa. ECF No. 1 at 14. Respondents should endeavor to correctly state the facts lest the Court think they are trying to intentionally mislead the Court.

## III. Discussion

Petitioner argues that his continued detention violates his Fifth Amendment procedural and substantive due process rights, and the INA. Pet. ¶¶ 32-45. He argues that although he received a bond hearing, the Immigration Judge's Order "relied on three conclusory grounds but did not explain how [his] actual circumstances demonstrate a present necessity for physical confinement." Id. ¶ 33; see also id. ¶ 37 ("The written decision does not meaningfully address my manner of entry, years of residence, family ties, employment, stable housing and sponsor support, record of appearances, the FDLE search result, or the absence of any identified attempt to flee."). He notes that "[t]he stated flight-risk conclusion identifies no failure to appear, attempt to evade authorities, criminal conduct, or violation of a reporting obligation[,]" and argues that his pending immigration proceedings give him "a strong reason to appear and pursue [his] case." Id. ¶ 34.

Respondents argue that the Court lacks jurisdiction over the Immigration Judge's bond decision, Resp. at 2-3, and that Petitioner's detention during the pendency of his removal proceedings is constitutional because he received a bond hearing, which is "all the process that is due to him under the constitution and the statutory and regulatory scheme set out by Congress in 8 U.S.C. § 1226(a)[,]" id. at 3.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court therefore rejects Respondents' argument that § 1226(e) deprives the Court of jurisdiction to review Petitioner's assertion that his bond hearing was not constitutionally adequate.

To that point, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

The Court finds the Immigration Judge's explanation for denying Petitioner bond deficient for the reasons set forth in Duong v. Mullin, __ F. Supp. 3d __, No. 2:26-CV-03009-MIS-JFR, 2026 WL 3030939, at *2-3 (D.N.M. Oct. 9, 2026), which the Court hereby adopts. Briefly, a bond decision that rests upon conclusory determinations based on blanket categories—e.g., a speculative form of relief—and not upon individualized facts specific to a petitioner, does not provide an individualized determination based on the actual circumstances of the noncitizen, and is thus not constitutionally adequate. Id. (citing Poot v. Mullin, No. 5:26-CV-3321-CTS, 2026 WL 2659590,

at *8 (C.D. Cal. Sep. 9, 2026); Herrera Ramirez v. Blanche, No. 5:26-CV-03938-DTB, 2026 WL 2395217, at *10 (C.D. Cal. Aug. 17, 2026); Abdelmasseh v. Scott, No. C26-1681-KKE, 2026 WL 1815279, at *4 (W.D. Wash. June 24, 2026); Ji v. Warden, Case No. 1:26-cv-03442 DJC SCR, 2026 WL 1733618, at *7 (E.D. Cal. June 16, 2026); Reyes Vargas v. Warden, Plymouth Cnty. Corr. Facility, No. 26-CV-11740-AK, 2026 WL 1453510, at *7 (D. Mass. May 22, 2026); Perez Serrano v. Hagan, No. 1:26-CV-01641-CNS, 2026 WL 1396534, at *3 (D. Colo. May 19, 2026); N.A. v. Warden, No. 5:25-CV-03007-MBK, 2026 WL 1045196, at *9 (C.D. Cal. Apr. 15, 2026); Chavarria Mejia v. Crawford, No. 1:26-CV-253 (LMB/LRV), 2026 WL 819603, at *5 (E.D. Va. Mar. 25, 2026)); see also Kalantarov v. Warden, Case No. 2:26-cv-03067-MIS-JFR, 2026 WL 3121433, at *2-3 (D.N.M. Oct. 19, 2026); Sanchez Hernandez v. Venturella, Case No. 1:26-cv-03166-MIS-SCY, 2026 WL 3072366, at *3 (D.N.M. Oct. 14, 2026); Chakma v. Warden, Case No. 1:26-cv-03163-MIS-JHR, 2026 WL 3034205, at *3 (D.N.M. Oct. 9, 2026); Dong, 2026 WL 1959357, at *1.

Here, as in Duong, the Immigration Judge denied bond with a cursory explanation stating, "flight risk, visa overstay demonstrating a lack of regard for the laws of the United States, speculative form of relief [,]" ECF No. 7-2, a determination devoid of any analysis of the facts related to Petitioner. It cannot be the law that all persons who overstay a visa are a flight risks per se. Chakma, 2026 WL 3034205, at *3 n.3. Furthermore, as noted in N.A., "all unresolved claims for immigration relief are, by definition, 'speculative,' but that does not mean a noncitizen cannot be trusted to appear for future court proceedings on that basis alone." 2026 WL 1045196, at *8; see also Salinas Rodriguez, Case No. 2:26-cv-02400-MIS-LF, 2026 WL 2364465, at *2 (D.N.M. Aug. 4, 2026) (recognizing that to rely on "removability" as per se evidence of flight risk would render § 1226(a)'s grant of discretionary bond meaningless).

Thus, while Petitioner received a bond hearing, the record before the Court does not suggest that Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a). See Duong, 2026 WL 3030939, at *2-3; Kalantarov, 2026 WL 3121433, at *3; Sanchez Hernandez, 2026 WL 3072366, at *3; Chakma, 2026 WL 3034205, at *3, Dong, 2026 WL 1959357, at *1. As such, his continued detention violates his right to due process, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Verified Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Juan David Vargas Cruz from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk, based on his specific circumstances, consistent with this Order; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE